```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                      |                          |
|--------------------------------------|--------------------------|
| HUMBERTO FEIJOO,                     )                          |
|                                      )                          |
|     Plaintiff,                       )                          |
|                                      ) CIVIL NO. 13-11432-PBS   |
|         v.                           )                          |
|                                      )                          |
| MASSACHUSETTS DEPARTMENT OF          )                          |
| PUBLIC SAFETY; MASSACHUSETTS         )                          |
| DEPARTMENT OF CORRECTIONS; LUIS      )                          |
| SPENCER, Commissioner of the         )                          |
| DOC; KAREN DINARDO, Deputy           )                          |
| Superintendent; and KELLY RYAN,      )                          |
| Superintendent,                      )                          |
|                                      )                          |
|     Defendants.                      )                          |

## MEMORANDUM AND ORDER

December 2, 2014

Saris, Chief Judge.

## I. INTRODUCTION

Plaintiff Humberto Feijoo, an inmate at the Massachusetts Correctional Institute in Shirley, filed suit against the Massachusetts Departments of Public Safety and Corrections; the Commissioner of the DOC; and the Superintendent and Deputy Superintendent of MCI Shirley. The complaint alleges violations of the Eighth Amendment pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), and the Religious Land

1

Use and Institutionalized Persons Act ("RLUIPA"). The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion (Docket No. 24) is **ALLOWED** as to the Eighth Amendment claim, but is otherwise **DENIED** for the reasons stated in Court.

## II. BACKGROUND

The fifty-nine year-old plaintiff, who is confined to an electric wheelchair and suffers from multiple sclerosis, diabetes, and liver failure, has been housed in the Health Services Unit ("HSU") at MCI Shirley since 2000. Prisoners housed in general population, Feijoo alleges, may participate in educational and vocational courses, enroll in MCI Shirley's work program, obtain drug and alcohol abuse treatment, spend time outdoors, visit the central law library, receive visitors on a regular basis, and attend religious services. Prior to 2011, HSU inmates were equally able to avail themselves of these programs and privileges, and Feijoo did so notwithstanding his physical impairments.

However, the complaint further states, HSU inmates are no longer afforded such freedom. Under the current regime, HSU inmates may not traverse the prison at will, and must instead remain in their HSU cells or a single multi-purpose common room that serves as the HSU's visitation room, attorney/client consultation room, law library, site of religious observance,

2

socialization space, and movie room. This room is frequently unavailable due to its multiple functions.

Furthermore, Feijoo alleges that the defendants have forbidden him from engaging in "light duty" work and from exercising his religion. As to the first, Defendant DiNardo has denied Feijoo's requests for work tasks and barred him from cleaning his own cell using a "buffer machine," although the medical director of the HSU believes that such duties would benefit Feijoo's physical and mental health. Nor can Feijoo, a devout Catholic, attend Mass with a priest, participate in special religious programs in the prison's main chapel, or fully observe religious holidays and rituals. Instead, Feijoo – like all HSU inmates – is limited to one generic religious service per month conducted in the small multi-purpose room.

Feijoo alleges that he has complained to Defendant Spencer regarding all of the above conditions by means of multiple letters. The DOC has taken no action.

### III. DISCUSSION

**A.   Standard of Review**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. V. Twombly, 550 U.s. 544, 570 (2007)). Plausible "means more than merely possible," Schatz v.

3

Repub. State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Iqbal, 556 U.S. at 679), and the pleadings must set forth allegations respecting each element necessary to sustain recovery under an actionable legal theory. Gagliardi v. Sullivan, 513 F.3d 302, 304 (1st Cir. 2008). In other words, the facts alleged by the plaintiff – which this Court will accept as true – must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Morales-Cruz v. Univ. Of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012).

**B.  Counts I and II: Eighth Amendment**

The Eighth Amendment prohibits only those conditions of confinement that lack all penological justification, Rhodes v. Chapman, 452 U.S. 337, 346 (1981), or "deny[] the minimal civilized measure of life's necessities," Hudson v. McMillan, 503 U.S. 1, 8-9 (1992). Otherwise put, "[a]fter incarceration, only the unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Skinner v. Cunningham, 430 F.3d 483, 488 (1st Cir. 2005) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted)). To make out an Eighth Amendment violation predicated on prison conditions, therefore, a plaintiff must show that he was subjected to treatment that, objectively, posed an "excessive risk to inmate health or safety" or a "substantial risk of

serious harm," and that the defendants were, subjectively, "deliberately indifferent" to those risks. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Feijoo's argument boils down to his assertion that the "totality of circumstances in the HSU rises to the level of an Eighth Amendment violation." Pl. Opp. to Mot. To Dismiss, Docket No. 31. He alleges that his inability to participate in educational programs, work opportunities, and religious services available to general population inmates "effectively place[s] [him] in isolation inside the HSU." Id. Furthermore, as the complaint states, Feijoo's requests for work responsibilities and letters to Defendant Spencer gave the defendants "actual knowledge of impending harm, easily preventable," amounting to deliberate indifference. Masonoff v. Dubois, 899 F. Supp. 782, 788 (D. Mass. 1995).

Despite the seriousness of Feijoo's allegations, his complaint does not set forth facts sufficient to show that conditions in the HSU created "an excessive risk to inmate health or safety" or a "substantial risk of serious harm." Farmer, 511 U.S. at 837; see Hannon v. Beard, 979 F. Supp. 2d 136, 139-40 (D. Mass. 2013) (granting motion to dismiss Eighth Amendment claim where plaintiff inmates made "conclusory allegations" that they were exposed to unsafe toxins but did not allege that such exposure was objectively serious). Feijoo has not alleged that

the defendants knowingly subjected him to the possibility of physical violence, see Facey v. Dickhaut, 892 F. Supp. 2d 347, 356 (D. Mass. 2012) (denying motion to dismiss Eighth Amendment claim where prison officials knew assigning plaintiff inmate to certain housing unit created serious risk of gang violence); declined to address his medical needs, see Cordell v. Howard, 879 F. Supp. 2d 145, 155-56 (D. Mass. 2012) (denying motion to dismiss Eighth Amendment claim where plaintiff inmate alleged that defendants refused him emergency medical care); or confined him in an unsanitary or unsafe environment, see Masonoff, 899 F. Supp. at 802 (denying summary judgment on Eighth Amendment claim regarding prison's toxic chemical toilets, vermin infestation, fire hazards, and asbestos contamination).

Accordingly, while it is true that "[s]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone," Feijoo has not pled sufficient facts to support a finding that HSU conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Wilson v. Seiter, 501 U.S. 294, 304 (1991) (emphasis in original). However acutely unpleasant "diminished" "job and educational opportunities," comparatively inferior religious accommodations, and daily confinement to the HSU may be, "deprivations of this kind simply are not punishments." Rhodes v.

6

Chapman, 452 U.S. 337, 348 (1981). The defendants' motion to dismiss Counts I and II is therefore **ALLOWED**.

## ORDER

For the foregoing reasons, the defendant's motion to dismiss (Docket No. 24) is **ALLOWED** as to Counts I and II. However, it is **DENIED** in all other respects for the reasons set forth in Court.

/s/ Patti B. Saris  
Patti B. Saris  
Chief United States District Judge
